

Environmental Court of Vermont
State of Vermont

============================================================================
ENTRY REGARDING MOTION
============================================================================

JLD Properties of St. Albans, LLC    Docket No.s 92-5-07 Vtec & 116-6-08 Vtec
Project:    Wal-Mart discount/retail store (mun. permit and Act 250 permit)
Applicant:  JLD Properties of St. Albans, LLC

Title:   Motion to Amend Judgment (filing No. __)
Filed:   March 26, 2010
Filed by: Jon Groveman, Attorney for Appellants VNRC, NWCRG, Marie Frey and
         Richard Hudak

Response: on Feb 17, 2010, by Ross A. Feldmann, Attorney for Applicant JLD
         Properties of St. Albans, LLC.

Reply: on Feb 18, 2010, by Jon Groveman, Attorney for VNRC, et. al.

_X_ Granted (in part) and    _X_ Denied (in part).    ___ Other

Appellants Vermont Natural Resources Council, the Northwest Citizens for Responsible Growth, Marie Frey, and Richard Hudak (hereinafter collectively referred to as "VNRC") have requested that this Court amend its Merits Decision of January 20, 2010 ("Merits Decision"), both to correct factual errors in our Findings, as well as any legal conclusions that may flow from the factual corrections. Specifically, VNRC requests that we amend the Merits Decision to accurately reflect the boundaries of the Hudak Farm property, its proximity to the proposed project, and the impact the proposed project may have upon the Hudak Farm, which includes agricultural production and retail sales facilities operated by Appellants Marie Frey and Richard Hudak.

VNRC is correct in its assertion that this Court did not accurately summarize the location of the Hudak Farm property and its proximity to the proposed development. As noted in our Merits Decision, Applicant JLD Properties of St. Albans, LLC ("Applicant") proposed to create a four-lot subdivision of 107± acres it now owns off of U.S. Route 7 in the Town of St. Albans ("Town"), and to construct and operate a Wal-Mart discount store and garden center on Lot 3 of that commercial subdivision. The subject property is located in the Town of St. Albans Commercial and Commercial/Light Industrial zoning districts and in a growth center specifically identified by the Town and the Northwest Regional Planning Commission. Merits Decision at 6–7. A portion of the growth center abuts the Town's boundary line with the adjoining Town of Swanton. Id.

In our deliberations and review of the evidence admitted at trial, the Court had difficulty identifying the specific boundaries for the Hudak Farm property. In fact, our notes from trial do not reference testimony that specifically identified the Farm's boundary limits. Trial evidence appeared to focus on "the nearby Hudak Farm"; one of the site visits that the Court conducted with the parties occurred at the Hudak Farm retail facilities, located on the Westerly side of U.S. Route 7, in the Town of Swanton. Agricultural production occurs on Farm property across from the retail facilities. We also have trial notes concerning testimony of agricultural production on nearby fields maintained by the Hudak Farm and identified on Applicant's Exhibit 3.

To provide for an accurate record, we have reviewed the tax invoices and the Farm Service Agency map VNRC has supplied with their post-trial filings. These documents substantiate that a portion of the Hudak Farm property lies in

the Town of St. Albans. A copy of the Farm Services Agency map is attached to this Entry Order. We have highlighted what we understand to be the boundary limits of the total Hudak Farm property and have included hand-written notations that are referenced below. This site map also appears to identify the areas used for agricultural production on the Hudak Farm property. The remaining property consists of forested land and the land that includes the retail facilities and other buildings.

The Hudak Farm property lies on either side of U.S. Route 7. The municipal boundary line between St. Albans Town and Swanton bisects the Hudak Farm property. The portion of the Hudak Farm that lies on the westerly side of U.S. Route 7 (the same side of the highway as to-be-developed Wal-Mart store) is bounded to the south by a town highway known as Jewett Avenue. Several other properties, including the commercial developments known as Cobb Auto, Senesac Auto Body, Champlain Commons store complex, Progressive Auto Sales, and a storage and distribution facility, are located between the Wal-Mart site and the Hudak Farm property on the Westerly side of U.S. Route 7. These properties and commercial developments buffer the Wal-Mart site from the Hudak Farm property. VNRC is correct in noting that a small portion of its St. Albans Town property lies between Jewett Ave to the south and Stevens Brook to the north; this portion of the Hudak Farm property is not, in fact, buffered from the Wal-Mart site by Stevens Brook, but all other portions of the Hudak Farm property is buffered from the Wal-Mart site by Stevens Brook and multiple properties owned by others, including the commercially-developed properties listed below. Nonetheless, it was inaccurate for the Court to conclude that all of the Hudak Farm property was separated from the Wal-Mart site by Stevens Brook.

The portion of the Hudak Farm property located in St. Albans Town includes approximately 69.4 acres and has a net taxable value of $14,100.[1] This portion of the Hudak Farm appears to contain forest land and some agriculture fields, but no buildings; this summary is confirmed by the St. Albans Town tax invoice.

The portion of the Hudak Farm located in the Town of Swanton includes approximately 89 acres and has a net taxable value of $139,600, per the Swanton tax invoice. This portion of the Hudak farm appears to also contain forest land and agricultural fields, as well as buildings and other improvements, including the retail facilities on the easterly side of U.S. Route 7.

These additional documents have convinced the Court that correction is needed to its Merits Decision, at least in regards to the description of the Hudak Farm property. For these purposes, we ADMIT the municipal tax invoices and the Farm Service Agency map into evidence. Further, we hereby GRANT VNRC's request and do hereby supersede all references to the Hudak Farm boundary lines and location contained in our Merits Decision with the descriptions contained herein. Any future reference to our Merits Decision, particularly in relation to the Hudak Farm property, location and boundaries, must refer to this Entry Order and the attached Farm Service Agency map. The Court Manager is hereby directed to note on our original Merits Decision, as well as the electronic copy of it posted on the Vermont Judiciary web site that we have hereby AMENDED our January 20, 2010 Merits Decision.

Even with this clarity, we cannot discern where the Hudak Farm property is adjacent to Applicant's property. More to the point, VNRC has not identified any portion of its agricultural uses that are adjacent to the Wal-Mart project property.

---

[1] We use the term "net taxable land" to refer to that reported on the municipal tax invoices supplied by VNRC with its post-judgment filings. This net value is derived from the reported real property value, less a sum denoted as "land use" value, which we understand to mean a reduction due to the enrollment of some or all of the property in the state current use valuation program.

VNRC presents a somewhat convincing argument of the difference between the term used in our Merits Decision—"adjoin"—and the term used in the Town of Swanton Subdivision Bylaws ("Bylaws") § 220.3: "adjacent." Our research does not reveal such a dramatic difference in these two terms; in fact, the Merriam-Webster's Collegiate Dictionary (10th Ed.) refers to the two terms as synonyms.[2]

Our use of the term "adjoining" was in error. However, even if we substitute "adjacent" for all such references in our Merits Decision, our legal determinations remain unchanged, since there is no evidentiary foundation for VNRC's assertion that the Hudak Farm, and more particularly their agricultural operations, are adjacent to the Wal-Mart project site. Therefore, Bylaws § 220.3, does not require Applicant to perform a specific analysis of the compatibility of their proposed Wal-Mart project with the Hudak Farm property generally, and its agricultural uses in particular, since <u>neither</u> are adjacent to Applicant's property or project site. While the Hudak Farm property is somewhat close to Applicant's property, and the Hudak Farm retail facilities are less than a half mile away from the Wal-Mart project site, the intervening area hosts a multitude of other commercial developments. Applicant supplied ample, compelling evidence that its project was compatible with these adjacent land uses. The very fact that the Hudak Farm property and agricultural uses <u>are not</u> adjacent to the Wal-Mart project site relieves Applicant of providing a specific compatibility analysis as to the Hudak property and uses; the intervening commercial uses, on both sides of U.S. Route 7, dilute even further the impact that the Wal-Mart project will have on the Hudak Farm property and operations.

We hereby GRANT VNRC's motion to amend, so as to correctly identify the boundaries and location of the Hudak Farm property, and to substitute the term "adjacent" for wherever we used the term "adjoining." In all other respects, except as further amended by the Entry Order on Appellant Commons and RL Vallee's motion to amend (also issued today), our January 20, 2010 Merits Decision remains in full force and effect, subject to appeals pending before the Vermont Supreme Court.

_____          _____May 3, 2010_____
Thomas S. Durkin, Judge                              Date

=====================================================================

Date copies sent to: _5/3/10_          Clerk's Initials _____
Copies sent to:

    Attorney Jon T. Anderson for Interested Person R.L. Vallee, Inc.
       (with Co-Counsel David W. Rugh)

    Attorney Jon Groveman for Appellant Vermont Natural Resources Council, the
       Northwest Citizens for Responsible Growth, Marie Frey and Richard Hudak

    Attorney Gerald R. Tarrant Esq. (co-counsel for VRNC)

    Attorney Stewart H. McConaughy for Appellee JLD Properties
       (with Co-Counsel Robert F. O'Neill and Ross A. Feldmann)

    Attorney Mark L. Lucas for Interested Person Natural Resources Board

    Attorney John H. Hasen for the Natural Resources Board/LU Panel (FYI only)

    Attorney Judith L. Dillon for the Agency of Natural Resources

    Attorney David A. Barra for Interested Person Town of St. Albans

    Attorney Brian S. Dunkiel for City of St. Albans (FYI only)

    Attorney William H. Rice for Vt. Agency of Transportation (FYI only)

    Clerk, Vermont Supreme Court (FYI only)

---

[2] "Adjacent" is defined as "being in close proximity[;] . . . [it] may or may not imply contact but always implies [an] absence of anything . . . in between[; for example,] <a house with an *adjacent* garage>." Merriam-Webster's Collegiate Dictionary at 14 (10th ed. 1998).

JLD Property St Albans Wal-Mart    92-5-07Vtec + 116-6-08Vtec

154
T. 185

1
.24
NHEL

10
10.88
NHEL

9
1.38
NHEL

8
NHEL

**Farm # 154    Tract # 185**

**Wetland Determination Identifiers**
● Restricted Use
▽ Limited Restrictions
■ Exempt from Conservation
   Compliance Provisions

**Farm Service Agency** —Hudak Farm **USDA**
**Franklin/Grand Isle County**
2009 Digital Naip Photography - Not to Scale  property —

hand revision prepared by
by T.S. Durkin Luc Dupuis
5.3.2010.    February 11, 2010

Disclaimer: Wetland identifiers do not represent the size, shape or specific determination
of the area. Refer to your original determination (CPA-026 and attached maps)
for exact wetland boundaries and determinations, or contact NRCS.